IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PRATER, | No. 4:23-CV-01411 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SA PIPER LOGISTICS, | |
| Defendant. | |

MEMORANDUM OPINION

FEBRUARY 16, 2024

## I.   BACKGROUND

Plaintiff David Prater initiated this litigation on August 23, 2023 with the filing of a Complaint against Defendant SA Piper Logistics.[1] Despite being served via personal service on October 5, 2023, SA Piper has failed to answer the Complaint or otherwise appear before the Court.[2] Prater moved for entry of default on November 1, 2023,[3] and default was subsequently entered by the Clerk of Court.[4] Prater has now moved for default judgment.[5] Still, the SA Piper has refused to respond, and therefore the motion is now ripe for disposition.

---

[1]   Compl., Doc. 1.
[2]   Summons, Doc. 5.
[3]   Req. for Entry of Default, Doc. 6.
[4]   Entry of Default, Doc. 7.
[5]   Mot. for Default J., Doc. 8.

## II. DISCUSSION

### A. Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[6] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[7] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when [the] defendant is technically in default and that fact has been noted under Rule 55(a)."[8]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether [the] defendant's delay is due to culpable conduct."[9] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule

---

[6] FED. R. CIV. P. 55(b)(2).
[7] *Kibbie v. BP/Citibank*, No. 3:CV-08-1804, 2010 WL 2573845, at *2 (M.D. Pa. June 23, 2010) (Vanaskie, J.).
[8] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[9] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

55(c)."[10] In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[11]

The Court nevertheless considers those factors for the sake of completeness; in this case, they favor the grant of default judgment. First, Prater would be prejudiced by his "current inability to proceed with [his] action due to [SA Piper's] failure to defend."[12] SA Piper's decision to not appear before this Court prevents Prater from recovering any damages. Similarly, the second factor points in Prater's favor. SA Piper "has not responded to the allegations and, thereby, has failed to assert a defense."[13] Finally, there does not seem to be any excuse for SA Piper's failure to appear. Service was accepted on its behalf on October 5, 2023.[14] Having received service, SA Piper has yet to respond. Because SA Piper has offered no explanation for their failure to engage, the Court finds that SA Piper is culpable.[15] Therefore, default judgment is appropriate.

---

[10] *Deutsche Bank Nat. Trust Co. v. Strunz*, Civ. No. 1:12-CV-01678, 2013 WL 122644, at *1 (M.D. Pa. Jan. 9, 2013) (Kane, J.).

[11] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[12] *Broadcast Music, Inc. v. Kujo Long, LLC*, No. 1:14-CV-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (Kane, J.).

[13] *Pesotski v. Summa & Lezzi, Inc.*, No. 1:17-CV-00221, 2017 WL 3310951, at *3 (M.D. Pa. Jan. 9, 2013) (Kane, J.).

[14] Doc. 5.

[15] *See Laborers Local Union 158 v. Shaffer*, Civ. No. 1:CV-10-1524, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011) (Kane, J.).

A finding that default judgment is warranted, however, "is not the end of the inquiry."[16] First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[17] Although the defaulting party does not concede conclusions of law, "the factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true."[18] Prater brings claims under the Fair Labor Standards Act,[19] Pennsylvania Wage Payment and Collection Law,[20] and the Tennessee Wage Regulation Act,[21] as well as for breach of contract.[22] The Court now considers whether the allegations in the Complaint, taken as true, state a claim under those causes of action.

B.   **Facts Alleged in the Complaint**

Prater is a citizen of the State of Tennessee and SA Piper is a corporation of the Commonwealth of Pennsylvania which maintains a place of business in Lock Haven, Pennsylvania.[23] On February 2, 2022, SA Piper extended Prater an offer of employment as the President of Data Branding Development at an annual salary of $197,600, which Prater accepted, commencing his employment on April 4, 2022.[24]

---

[16] *Martin v. Nat'l Check Recovery Servs., LLC*, Civ. No. 1:12-CV-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016) (Caldwell, J.).
[17] *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).
[18] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[19] Compl. Count I.
[20] *Id.* Count III.
[21] *Id.* Count IV.
[22] *Id.* Count II.
[23] *Id.* ¶¶ 6-7.
[24] *Id.* ¶¶ 10-11.

In early November 2022, David Morris, the owner of SA Piper, informed Prater that SA Piper lacked the funds to fulfill its payroll obligations to Prater moving forward and ceased compensating Prater accordingly.[25] SA Piper subsequently withheld eight weeks' worth of wages, totaling $32,000, resulting in the constructive termination of Prater's employment on December 15, 2022.

### C. Plaintiff's Claims

#### 1. Fair Labor Standards Act

To state a *prima facie* claim under the FLSA, a plaintiff must allege:

1) an employer/employee relationship;

2) either

    a. the employee was engaged in interstate commerce or the production of goods for interstate commerce, or

    b. the gross volume of business by the employer was not less than $500,000; and

3) depending on the type of claim, either

    a. the approximate hours during which the employee was paid an hourly wage less than the minimum wage required by FLSA (for minimum wages claims);

---

[25] *Id.* ¶¶ 12-13.

    b.  the approximate number of hours during which the plaintiff was not paid any wages (for unpaid wage claims); or

    c.  at least a single workweek in which the plaintiff worked at least forty hours and also worked uncompensated time in excess of forty hours (for unpaid overtime wage claims).[26]

The Court finds that, by alleging that he was employed by SA Piper in Pennsylvania while he was a resident of Tennessee, Prater has sufficiently alleged that he was engaged in interstate commerce. Though Prater has alleged that he was not compensated for two weeks of work, he has not alleged how many hours he worked during that timeframe. Claims for unpaid non-overtime compensation for an employee who was paid at least the minimum wage are not cognizable under FLSA.[27] Nevertheless, the Court finds that Prater has stated a claim as, even if he only worked a *de minimis* amount of time during those two weeks, he is due at least the minimum wage for that time worked.

  **2.**  **Pennsylvania Wage Payment and Collection Law**

The Pennsylvania Wage Payment and Collection Law provides a cause of action for employees to recover wages and other benefits that are contractually due

---

[26] *Wu v. E. Ocean Agric. Corp.*, No. CV 21-668-RGA, 2022 WL 609619, at *3 (D. Del. Feb. 9, 2022) (collecting authorities).
[27] *Davis v. Abington Meml. Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014).

to them.[28] The Court finds that Prater's allegations that SA Piper extended an employment offer at an enumerated salary is sufficient to satisfy the requirement under the PWPCL that there exists a contract between the employee and employer that sets forth an agreement on wages to be paid.[29] As Prater has alleged that he was not paid for two weeks of work in accordance with his employment agreement, the Court finds that he has stated a claim under the PWPCL.

Having found that Prater is entitled to default judgment on his PWPCL claim, the Court is also required to award attorneys' fees to be paid by SA Piper.[30]

### 3. Breach of Contract

"[T]hree elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages."[31] The Court finds that Prater has, for the same reasons discussed above, stated a claim for breach of contract. Further, as the PWPCL "supplements rather than supplants a common law

---

[28] *In re Cargill Meat Sols. Wage and Hour Litig.*, 632 F. Supp. 2d 368, 397 (M.D. Pa. 2008) (collecting cases).
[29] *Id.* (collecting cases); *accord Burrell v. Lackawanna Recycling Ctr., Inc.*, No. 3:14-CV-1891, 2021 WL 3476140, at *23 (M.D. Pa. Aug. 6, 2021), *aff'd in part, rev'd in part and remanded sub nom. Burrell v. Staff*, 60 F.4th 25 (3d Cir. 2023).
[30] *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997).
[31] *DelphX Corp. v. Fondren*, 600 F. Supp. 3d 540, 547-48 (E.D. Pa. 2022) (quoting *Meyer, Darragh, Buckler, Bebenek& Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 635 Pa. 427, 137 A.3d 1247, 1258 (2016)).

action for breach of contract," the Court need not address the duplicative nature of the two claims at this point.[32]

### 4. Tennessee Wage Regulation Act

The Tennessee Wage Regulation Act does not contain a private right of action.[33] Therefore, the Court must dismiss Prater's claim for statutory wage violations under that statute.[34]

### D. Damages

In his motion, Prater "requests that the Court enter Default Judgment and hold a hearing to determine the damages and amount of the Judgment . . . as allowable under the applicable statutes."[35] While the Court will grant the motion for default judgment, any hearing at this point would be premature. Instead, Prater shall file an accounting of the damages, attorney's fees, costs, and any other relief he believes is owed by SA Piper along with any supporting documentation by March 1, 2024. A hearing will be scheduled if necessary.

---

[32] *Andrews v. Cross A. Capital Partners, Inc.*, 158 A.3d 123 (Pa. Super. 2017) (citing 43 P.S. § 260.9a(a); *Laborers Combined Funds of W. Pennsylvania v. Mattei*, 518 A.2d 1296, 1299 (Pa. Super. 1986)). Prater may not be able to recover damages under both theories due to the prohibition of double recovery. However, as discussed *infra*, that is not an issue currently before the Court.
[33] *Abadeer v. Tyson Foods, Inc.*, 975 F. Supp. 2d 890, 915-19 (M.D. Tenn. 2013); *accord Rositano v. Freightwise, LLC*, No. 3:20-CV-00420, 2021 WL 1174589, at *7 (M.D. Tenn. Mar. 26, 2021).
[34] *Rositano*, 2021 WL 1174589, at *7.
[35] Supp. Br., Doc. 9, at 2.

Further, Prater stated claims for relief as to the same withheld wages under three separate legal theories. However, the prohibition against double (or, in this case, triple) recovery precludes separate awards of damages under each theory. Therefore, Prater shall advise the Court under which cause(s) of action he is seeking damages, fees, costs, or other relief.[36]

## III. CONCLUSION

For the foregoing reasons, Prater's Motion for Default Judgment is granted as to Counts I-III and denied as to Count IV.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36] As there may be (dis)advantages to obtaining relief under certain theories, the Court leaves this decision for Prater to make in the first instance.